UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

GARRY POULIN,                )
                             )
        Plaintiff             )
                             )
v.                           )    No. 1:14-cv-102-DBH
                             )
CAROLYN W. COLVIN, Acting    )
Commissioner of Social Security,  )
                             )
        Defendant             )

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the questions of whether the administrative law judge's opinion concerning the plaintiff's residual functional capacity ("RFC") lacked substantial evidentiary support and whether the administrative law judge posed an erroneous hypothetical question that invalidated the testimony of the vocational expert. I recommend that the commissioner's decision be vacated and the case remanded for further proceedings.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 11, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

requirements of the Social Security Act for purposes of SSD only through September 30, 2009, Finding 1, Record at 15; that he suffered from an anxiety disorder, substance addiction, fibromyalgia, and obesity, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 15-16; that he retained the RFC to perform light work that would allow him to change position every hour for one to two minutes, except that he could only occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl, could not climb ladders, ropes, or scaffolds, must avoid unprotected heights and sloping or irregular work surfaces, would be able to understand, remember, and carry out simple and repetitive jobs, could occasionally interact superficially with the public, could not work in crowds larger than five to six people, and could occasionally interact with co-workers and supervisors in routine interactions, Finding 5, *id*. at 17; that he was unable to perform any past relevant work, Finding 6, *id*. at 22; that, given his age (25 on the alleged date of onset of disability, February 18, 2009), at least high school education, work experience, and RFC, and using the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id*, at 22-23; and that, therefore, the plaintiff was not under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset through the date of the decision, September 28, 2012, Finding 11, *id*. at 23. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. RFC

The plaintiff contends that the record contains "no support" for an RFC for light work. Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 11) at 4. He points out that the DDS reviewing physicians both assigned the plaintiff an RFC for sedentary work, and Dr. Axelman, a consulting examining physician, assigned him physical limitations more severe than those assigned by the DDS physicians, Drs. Turnbull and Chamberlin. *Id.* at 4-5. Because there is no other medical assessment of the plaintiff's physical capacities in the record, he asserts, the administrative law judge could only have crafted the RFC that he assigned to the plaintiff by improperly interpreting raw medical evidence on his own. *Id.* at 5.

3

The defendant responds that that, while affording Dr. Chamberlin's opinion little weight, the administrative law judge adopted the following limitations from his report: the need to change position every hour for one to two minutes; the ability to climb ramps or stairs, balance, stoop, kneel, crouch, or crawl only occasionally; the lack of any ability to climb ladders, ropes, or scaffolds; and the need to avoid unprotected heights and sloping or irregular work surfaces. Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 12) at 9. This is an accurate statement. *Compare* Record at 17 *with id*. at 405-08. However, it is not accurate to conclude from this fact, as the defendant does, that the administrative law judge's physical RFC for the plaintiff is "largely supported by medical opinion evidence." Opposition at 9.

The exertional level assigned to a claimant is the single most defining characteristic of a physical RFC, *see, e.g., Adkins v. Commissioner of Soc. Sec.*, 251 Fed.App'x 346, 349, 2007 WL 3037281, at \*\*3 (6th Cir. 2007); *Campbell v. Astrue*, Civil Action No. 09-5356, 2010 WL 4689521, at \*4 (E.D. Pa. Nov. 2, 2010), and it is that component of the RFC that is at issue here.

The defendant goes on to contend that the administrative law judge sufficiently stated the reasons why he adopted only a portion of Dr. Chamberlin's findings and rejected those of Drs. Turnbull and Axelman, Opposition at 9-10. However, that is not the issue here. The question is whether the administrative law judge's decision to assign the plaintiff an RFC at the light exertional level is supported by medical evidence of record –it is not—and, if not, whether it could only have resulted from the administrative law judge's own lay interpretation of the raw medical evidence. *See Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) ("As a lay person, however, the ALJ was simply not qualified to interpret raw medical data in functional terms[.]").

4

The defendant addresses this question by suggesting that the choice of exertional level in this case does not required a medical judgment that is beyond the bounds of a lay person's competence. *Id*. at 11. Specifically, the defendant asserts, the administrative law judge "permissibly used common sense to determine that Plaintiff was capable of a range of light work activity[,]" by noting evidence that recorded that the plaintiff was doing well with treatment for certain physical impairments and, "more importantly," by drawing a "common sense inference" from the evidence of the plaintiff's activities of daily living. *Id*. at 11-12.

The first proffered support could only be performed by interpreting raw medical evidence; the question of what degree of "doing well" in treatment for a particular impairment equates to what exertional level is not a matter of "common sense" or general knowledge.

The second, "more important" justification has been rejected as a stand-alone basis for a finding of exertional level. *See, e.g., Ormon v. Astrue*, 497 Fed.App'x 81, 87, 2012 WL 3871560, at **6 (1st Cir. Sept. 7, 2012) ("[T]here is a difference between a person's being able to engage in sporadic physical activities and her being able to work eight hours a day five consecutive days of the week." Citation omitted.); *Draper v. Barnhart*, 425 F.3d 1127, 1131 (8th Cir. 2005) (fact that claimant tried to maintain home and engaged in household chores, laundry, grocery shopping, mowing, and other chores "in no way directs a finding that she is able to engage in light work."). *See also, e.g., Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (common sense judgment appropriate where record has little evidence of physical impairments and sedentary RFC assigned, but same conclusion for more physically demanding light work would be troubling); *Coleman v. Astrue*, 726 F.Supp.2d 36, 44-46 & n.7 (D. Mass. 2010) (where evidence clearly suggests mild impairments posing no significant functional restrictions, hearing

officer may apply common sense to assign sedentary RFC, but court hesitant to reach same conclusion regarding light work).

The plaintiff is entitled to remand due to this error, but only for redetermination of his physical RFC. He does not challenge the mental RFC assigned to him by the administrative law judge, and that portion of the opinion, therefore, should stand.

### B. Credibility

I will briefly address the remaining issues raised by the plaintiff for the benefit of the parties on remand, should the court adopt my recommendation with respect to the first issue.

The plaintiff contends that the administrative law judge's assessment of his credibility[2] is fatally "compromised by his failure to recognize and give credence to the normal effects of Plaintiff's fibromyalgia pain." Itemized Statement at 8. To the contrary, the administrative law judge specifically addressed the effects of the plaintiff's fibromyalgia, which he found to be a severe impairment, and stated his reasons for discounting some of the plaintiff's testimony about those effects. Record at 19-20. The plaintiff contends that the decision in *Johnson v. Astrue*, 597 F.3d 409 (1st Cir. 2010), essentially requires the administrative law judge to adopt all of his testimony about the effects of fibromyalgia, once he finds fibromyalgia to be a severe impairment. This court has rejected this argument. *Briggette v. Colvin*, No. 2:13-cv-301-GZS., 2014 WL 3548992, at *6 (D. Me. July 17, 2014).

As was the case in *Briggette*, the administrative law judge in this case was not required to accept the plaintiff's testimony about pain-based limitations once he found the plaintiff's

---

[2] ". . .I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." Record at 18. "Given both these inconsistent reports [about the effect of methadone] and the claimant's purchase of methadone off the street, per the claimant's testimony, I have real concerns about his credibility relating to methadone use overall and the underlying allegations of pain." *Id*. at 19.

fibromyalgia to be a severe impairment. *Bisbee v. Colvin*, No. 2:13-CV-95-GZS, 2014 WL 294495, at *6 (D. Me. Jan. 27, 2014). While it is certainly error to discount alleged fibromyalgia-related limitations on the basis of a lack of objective findings, *e.g., Downs v. Commissioner, Soc. Sec. Admin.*, No. 2:13-CV-02-DBH, 2014 WL 220697, at *5 (D. Me. Jan. 21, 2014), the plaintiff has not shown that this was done in this case. Rather, the administrative law judge supportably discounted the plaintiff's testimony about the extent of his fibromyalgia symptoms in evaluating his credibility.

The plaintiff also challenges the administrative law judge's treatment of the plaintiff's testimony about "ongoing chronic pain from the injuries which resulted from the 2006 motor vehicle accident" as it relates to his credibility. Itemized Statement at 6, 9. The plaintiff has not sufficiently presented this issue for the court's consideration, *see LaFlamme v. Colvin,* Civil No. 1:14-cv-57-DBH, 2015 WL 519422, at *7 (D. Me. Feb. 6, 2015) (issues mentioned in perfunctory manner deemed waived). However, in any event, the administrative law judge noted that the claimant reported continuing symptoms from the injuries he received in the 2006 motor vehicle accident, and also noted that he did not seek treatment until 2009, and still had not received regular counseling for his alleged resulting anxiety. Record at 18-19. He listed other reasons for doubts about the plaintiff's credibility in this regard. *Id*. at 19. Contrary to the plaintiff's characterization, the administrative law judge did not ignore evidence in evaluating the plaintiff's credibility, and his discussion of the issue was sufficient.

The plaintiff is not entitled to remand on this basis.

### C. Step 5

The plaintiff's final challenge asserts that "[t]he Step 5 finding must also fail." Itemized Statement at 9. This is due, he claims, to an "irreparable taint[]" of the vocational expert's

7

testimony by a hypothetical question posed by the administrative law judge that "failed to accurately account for the limiting effects of Plaintiff's fibromyalgia and status post 2006 motor vehicle accident impairments." *Id.* at 10. This is essentially a reiteration of the plaintiff's RFC argument; if the RFC was incorrect, it necessarily follows that the hypothetical question based on that RFC was incorrect.

The defendant responds that any error in assessing RFC was harmless because the vocational expert testified that there were other jobs at the sedentary exertional level that the plaintiff could perform. Opposition at 16. *See* Record at 53-54. This dispute comes down to the plaintiff's need to use a cane,[3] which the plaintiff correctly asserts was not presented to the vocational expert. Itemized Statement at 11-12; Opposition at 16. The administrative law judge mentioned the fact that the plaintiff "claims he occasionally requires the use of a cane[,]" Record at 19, but he did not mention that Dr. Trumbull indicated that "a medically required hand-held assistive device is necessary for ambulation" for three to four hours of the workday. Record at 373.

The defendant contends that this is a harmless error because "SSR 96-9p suggests that the need to use a ca[n]e to ambulate does not significantly erode the sedentary occupational base[,]" Opposition at 16, but that is not the issue here. Because the defendant is relying on the specific sedentary jobs identified by the vocational expert, it is the effect on those jobs of the need to use a cane that is at issue. As the cited Ruling also says: "The adjudicator must always consider the particular facts of a case [when evaluating medical documentation establishing the need for a hand-

---

[3] The plaintiff also argues that remand is necessary for consideration of the sit-stand option by the vocational expert, Itemized Statement at 12-13, but that option was included in the hypothetical question posed to the vocational expert by the administrative law judge. Record at 52.

8

held assistive device to aid in walking or standing]." Social Security Ruling 96-9p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1992 (Supp. 2014) at 158.

On remand, the administrative law judge should specifically address the plaintiff's claim that he needs to use a cane during the workday.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for further proceedings consistent herewith, noting particularly that the mental elements of the plaintiff's RFC are not to be revisited on remand.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 1st day of April, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge